Pearl Kellogg *et al.* agt. James Kellogg.

Service of a declaration in ejectment *on the wife* of a defendant, *off of the premises described in the declaration* (the husband being absent), is irregular; and the service will be set aside, notwithstanding the defendant appears in the cause before the time to plead expires.

*February Term,* 1846.

Motion by defendant to set aside service of declaration and all subsequent proceedings, for irregularity.

This was an action of ejectment. It appeared from defendant's papers that on the first day of January, [*101] 1846, *Polly Kellogg, the wife of defendant, was on a visit at the house of her daughter, Mrs. Slocum's, in Clinton, Oneida county; that while there, one Silas T. Ives served upon her personally a declaration in ejectment in this cause, with the usual notice to plead; that the premises described in the declaration were situated at least two miles from the house of Mrs. Slocum, where the service of the declaration was made. It further appeared, that Ives was not at the house of the defendant on the premises during the 1st day of January, 1846. The defendant was absent from home when the service was made.

It appeared from plaintiffs' papers that on the 8th January, 1846, at the general term of this court, a motion was made and a rule granted, requiring the defendant to appear and plead, &c., which motion was founded on an affidavit made by Silas T. Ives, a deputy sheriff of Oneida county, that he did, on the

Kellogg agt. Kellogg.

1st day of January, 1846, serve a declaration in this suit, with notice to plead, &c., by delivering it to Mrs. Polly Kellogg, the wife of the defendant, at the dwelling-house of the defendant, on the premises, the defendant being at the time absent therefrom.

Also an affidavit, that the declaration was in an action of ejectment, claiming to recover the premises upon which Mrs. Polly Kellogg resided at the time of the service made upon her, as stated. It was also stated that prior to the expiration of the time for defendant's appearance, he did duly appear by O. S. Williams, his attorney, and that notice of retainer from Williams was duly served on plaintiffs' attorneys, on the 24th day of January last, and that plaintiffs' attorneys never heard or knew that the declaration and notice were not served on the wife of defendant, as stated in the affidavit of Ives, until the papers for this motion were served.

Defendant's counsel stated that the irregularity complained of was, that the *narr was not served on the premises*, and this the statute required. (*R. S. 2d Ed.*, 231 *and* 232, § 13 *and* 14.)

Plaintiffs' counsel *cited Rule* 26, *and* 2 *Hill*, 362, to show that notice of retainer was an appearance. The appearance was a waiver of all irregularity in service of the declaration. (7 *Cow.* 366 ; 7 *Johns.* 207.) No injury resulted to the defendant: he was duly informed of the service, assented to it and appeared.

J. A. SPENCER, *defendant's counsel.*
O. S. WILLIAMS, *defendant's attorney.*
C. P. KIRKLAND, *plaintiffs' counsel.*
KIRKLAND & BACON, *plaintiffs' attorneys.*

BRONSON, Chief Justice. Held : the irregularity in the service of the declaration fatal, under the statute, and granted the motion.